UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SUSANNA NORTHERN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION FILE** |
| v. ) | **NO.** |
| ) | |
| ) | |
| **KRYSTAL RESTAURANTS, LLC** ) | |
| ) | |
| Defendant. ) | |

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

COMES NOW, Plaintiff Susanna Northern (hereinafter "Plaintiff"), by and through her undersigned counsel, and files this lawsuit against Krystal Restaurants, LLC (hereinafter "Defendant") for herself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA" or "Act") and for this cause of action to obtain the liability due to Plaintiff(s) under the Act. Specifically, Plaintiffs seek the liability owed for minimum wage and overtime compensation violations, including an equal amount in liquidated damages, and an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) of the

Act.

## I. Parties

1. Plaintiff resides in Houston County, Georgia. Her consent to join this case is attached as Exhibit "A"

2. Defendant Krystal Restaurants, LLC is foreign limited liability company registered with the Georgia Secretary of State and operates fast food restaurants in several states including Georgia. Defendant's registered agent in Georgia is located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

3. Defendant has approximately 300 locations in the United States including the States of Georgia, Alabama, Arkansas, Florida, Kentucky, Louisiana, Mississippi, South Carolina, and Tennessee.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff, as well as others similarly situated to Plaintiff, of their lawful wages.

5. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff and all current and former General Managers of Defendant, and/or the Defendant's predecessor in interest, employed within the last three years, who are similarly situated,

pursuant to the FLSA

6. For at least three years prior to filing this Complaint, Defendant, and/or the Defendant's predecessor in interest, has had a uniform policy and practice of consistently requiring its General Managers to work over 50 hours a week for a salaried amount without overtime compensation

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

8. Venue is proper in the United States District for the Middle District of Georgia pursuant to 28 U.S.C. §1391 as the Plaintiff lives in the Middle District of Georgia and her place of employment was located in Byron, Peach County, Georgia.

9. Defendant is subject to personal jurisdiction in the state of Georgia for the purpose of this lawsuit.

10. At all times material to this action, Defendant and its locations operated together as single enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1) of the FLSA and has an annual gross volume of sale in excess of five-hundred thousand dollars ($500,000.00).

11. At all times material to this action Defendant was the employer of Plaintiff as defined by 29 U.S.C. §203(d) of the FLSA.

12. At all times material to this action Plaintiff was an employee of the Defendant as defined by 28 U.S.C. §203 of the FLSA.

13. At all times material to this action, Defendants employed Plaintiff, including suffering permitting Plaintiff to work as defined by 29 U.S.C. §203(g).

## II.   Facts

14. Plaintiff worked for Defendant or its predecessors from March 16, 2020 until January 4, 2021 with the title of "manager" for a Krystal Restaurants, LLC location in Byron, Peach County, Georgia.  Prior to March 16, 2020 she worked as an hourly employee for the Defendant or their predecessors.

15. Krystal Restaurants LLC began operating the Krystals' restaurants including the location where the Plaintiff worked in May of 2020.

16. When Plaintiff was "promoted" to store manager she was told she would receive a salary of $46,000 and no further overtime. Plaintiff's managerial duties were non-existent or extremely minimal as compared to other non-managerial job duties regularly performed. The General Managers, including Plaintiff, perform minimal, if any, managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: cooking, cleaning, running registers, waiting on tables, greeting customers, washing dishes and stocking inventory

17. Despite her title as store manager she had no supervisory duties, other than

preparing work schedules.

18. Plaintiff had no authority to hire, discipline or fire employees of the Defendant.

19. Plaintiff did not exercise discretionary power.

20. Plaintiff did not give input into personal matters.

21. Plaintiff's primary duties were not management.

22. During her employment with the Defendants, Plaintiff was required to work a minimum of 60 hours a week and some weeks worked more.

23. Plaintiff was on call twenty-four hours per day, seven days per week and often had to head back to the place of her employment when another worker did not show up for a shift.

24. Plaintiff and all similarly situated Managers' primary duty does not consist of the management of the location where they work; rather, that responsibility was left to the District Manager or Regional Vice President

## Causes of Action Pursuant to the Fair Labor Standards Act

25. Plaintiff adopts by reference each and every material averment contained paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant's pay practices violated the FLSA's overtime provisions. Defendants failed to pay Plaintiff one-and-one-half times her regular rate of pay for each hour worked over forty in a workweek.

27. Defendant's violation of the FLSA was not based on good faith and showed reckless disregard for the fact that Defendant's failure to pay Plaintiff appropriate overtime compensation was in violation of the law.

### III.  Prayer for Relief

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons (Managers), pursuant to §216(b) of the FLSA, prays for the following relief:

1.  At the earliest possible time, they be allowed to give notice to all Defendant's, and their predecessor's in interest, employees in all locations during the three years immediately preceding the filing of this suit, to all other potential Plaintiff who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

2.  Plaintiff, and all other potential Plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.  Plaintiff's and all other potential Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4.  Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5.  Enter an Order requiring Defendant to make Plaintiff, Northern, whole by awarding her lost wages (plus interest), liquidated damages, attorney's fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

## IV. Jury Demand

THE PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted this 9th day of August, 2021,

/s/ William Gregory Dobson, Esq.
William Gregory Dobson, Esq.
Georgia Bar No.: 237770
Lober & Dobson, LLC
1040 Fort Stephenson Road
Lookout Mountain, GA 30750
(478) 335-6895
wgd@lddlawyers.com

/s/ A. Danielle McBride, Esq.
A. Danielle McBride, Esq.
Georgia Bar No.: 800824
Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
admcbride@lddlawyers.com

/s/ Michael J. Lober
Michael J. Lober, Esq.
Georgia Bar No.455580

Lober & Dobson, LLC
1197 Canton Street
Roswell, GA 30075
(770) 741-0700
mjlober@lddlawyers.com